■ NANUET NATIONAL BANK, Appellant-Respondent, v ECKERSON TER-

RACE, INC., et al., Defendants, and TOKEN CARPENTRY, INC., et al., Respondents-Appellants.—In an action to foreclose a mortgage on real property, the appeals are from an order of the Supreme Court, Rockland County, dated September 28, 1976, which denied various motions for summary judgment. Order affirmed, without costs or disbursements. The plaintiff bank loaned defendant Eckerson Terrace, Inc., $108,000, secured by separate mortgages on three parcels of land. Plaintiff commenced this action to foreclose one of those mortgages. Defendants Token Carpentry, Inc., and Leon's Plumbing & Heating, Inc., are mechanics lienors who assert a priority over the bank. The lienors' assertion is based upon the bank's alleged failure to comply with section 22 of the Lien Law. Insofar as relevant, that section provides: "A building loan contract * *·* must be in writing and duly acknowledged, and must contain a true statement under oath, verified by the borrower, showing the consideration paid, or to be paid, for the loan described therein, and showing all other expenses, if any, incurred, or to be incurred in connection therewith, and the net sum available to the borrower for the improvement". The statute goes on to state that: "If not so filed the interest of each party to such contract in the real property affected thereby, is subject to the lien and claim of a person who shall thereafter file a notice of lien under this chapter." The bank relies on the Third Department's holding in *Ulster Sav. Bank v Total Communities* (55 AD2d 278). In that case the borrower clearly verified, and the lender filed a false and inaccurate affidavit, misrepresenting the net sum available for the improvement. The rationale of the court was that section 22 imposed only one obligation on the lender—the obligation to file the borrower's affidavit along with the building loan contract. As the lender was held not to be required to verify the borrower's affidavit, the court held that it should not be penalized for filing, even knowingly, a false affidavit. We do not agree with the Third Department's interpretation of section 22. We are in accord with the view expressed in *HNC Realty Co. v Golan Hgts. Developers* (79 Misc 2d 696), wherein the court concluded that a lender who files a building loan contract containing a materially false borrower's statement, which is known by the lender to be false at the time of such filing, must suffer the subordination penalty imposed by section 22 of the Lien Law. The purpose of section 22 is to acquaint materialmen with the exact amount of money available for the improvement so that they can plan and act accordingly. The information contained in the borrower's affidavit must, perforce, be accurate. Subordination of the mortgage to a subsequently filed mechanic's lien is the penalty imposed for not filing a true and accurate affidavit. Contrary to the opinion of the Third Department, it is logical to differentiate between the innocent lender and the lender who closes his eyes to a fraud. No great hardship is imposed on lenders; they merely have to be honest and refuse to file a borrower's affidavit they know to be false. While the statute only requires a borrower's verification, this does not mean that a lender can participate in a fraud without fear of penalty. To permit a lender, who knowingly files a false and inaccurate borrower's affidavit, to retain his priority over mechanics lienors would defeat the salutary purpose of the statute. From a mechanics lienor's viewpoint, for a lender to knowingly file a false borrower's affidavit is no different from the total failure to file any affidavit. In both instances the lienor is not made aware of the net sum available for the improvement. The subsequently filed mechanics' liens have priority over the mortgage *only* if the mortgagee filed a materially false borrower's affidavit, known to be false at the time of the filing. Since the record is insufficient to establish whether the borrower's affidavit was

materially false, and, if so, whether the false affidavit was knowingly filed by the lender, Special Term properly denied the various motions for summary judgment. Damiani, J. P., Titone, Shapiro and Cohalan, JJ., concur.