■ FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of UNION SAVINGS BANK, Respondent, v SKYHAVEN LANDING CORPORATION et al., Respondents, EAST PATCHOGUE CONTRACTING CORP., Appellant, et al., Defendant. [616 NYS2d 70] —In an action to foreclose a mortgage, the defendant East Patchogue

Contracting Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Copertino, J., on decision; Werner, J., on order), entered September 25, 1991, as (1) granted summary judgment in favor of the plaintiff Union Savings Bank dismissing the appellant's first, second, third, fourth, and sixth affirmative defenses and counterclaims, and (2) denied its cross motion, *inter alia,* for summary judgment against Union Savings Bank or for a joint trial.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof which granted that branch of the plaintiff's motion which was to dismiss so much of the appellant's sixth counterclaim as asserted that the plaintiff knowingly received trust funds which constituted a diversion to the extent such were applied by the plaintiff towards other debts and not the subject consolidated loan and that the bank should be liable for the diversion, and substituting therefor a provision denying that branch of the motion, and (2) deleting the provision thereof which granted that branch of the plaintiff's motion which was to dismiss so much of the second counterclaim as alleged that the borrower's affidavit filed by Skyhaven Landing Corporation in connection with a 1988 building loan agreement contained material misstatements of the "net sum available for improvements", and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a trial (1) on the reinstated portion of the sixth counterclaim, and (2) to determine how much of the interest payment of $68,107.72 received by the bank on April 13, 1988, was paid from the loan proceeds received by Skyhaven Landing Corporation under the 1988 building loan agreement and whether the failure to disclose this amount in the building loan affidavit constituted a "material misstatement" requiring lien subordination; and it is further,

Ordered that these counterclaims are to be tried jointly with the action entitled *East Patchogue Contr. Corp. v Skyhaven Landing Corp.,* bearing Suffolk County Index number 89-41914.

Although we find that the court properly granted summary judgment dismissing the appellant's first, third, and fourth affirmative defenses and counterclaims for reasons stated by Justice Copertino in a memorandum decision dated June 19,

1991, we are reinstating so much of the sixth counterclaim as alleged that the plaintiff Union Savings Bank was the beneficiary of diverted Lien Law article 3-A trust funds. We find triable issues of material fact (see, Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404) as to whether trust funds were actually diverted, the exact amount of such funds, if any, received by the plaintiff and applied to other than the subject loan, and whether knowledge thereof may be imputed to the plaintiff so as to make it liable to the appellant for the amounts so diverted (see, Matter of Knox, 64 NY2d 434, 438).

Summary judgment was also improperly granted to the bank on the second affirmative defense and counterclaim alleging a cause of action under Lien Law § 22 arising from a purported material misstatement in the borrower's affidavit executed in connection with the April 13, 1988, building loan agreement. This affidavit, prepared by the plaintiff, and executed by the president of Skyhaven Landing Corporation on April 13, 1988, indicated that the "net sum available for the improvement" was $876,008, less certain amounts accruing thereafter, but that the amount reflected the deduction of various stated payments, including the cost and expense of the loan as well as the payment of encumbrances and liens existing against the premises. However, on that same date, April 13, 1988, the bank received $68,107.72, which amount was applied to interest due on the consolidated loan. The appellant maintains that $65,689.71 of this sum was paid from the proceeds of the $900,000 loan and that the "net sum available" was thus commensurately reduced by this same amount and that the failure to disclose that this interest payment would be deducted therefrom constituted a "material misstatement" in the affidavit giving rise to the penalty of lien subordination. We find that there exist triable issues as to how much of the $68,107.72 was paid from the $900,000 loan proceeds and, hence, how much this reduced the net sum available, and whether the failure to disclose in the affidavit that the "net sum available" would be reduced by this amount constituted a "material misstatement" in the borrower's affidavit requiring lien subordination (see, Nanuet Natl. Bank v Eckerson Terrace, 61 AD2d 810, affd 47 NY2d 243). Accordingly, we remit the matter to the Supreme Court, Suffolk County, for a trial on the issue of the materiality of the overstatement of the net amount available.

We further note, however, that we find, as a matter of law, that there was no such "material misstatement" made with

respect to the 1987 borrower's affidavit and thus, the first affirmative defense and counterclaim was properly dismissed.

Finally, we agree that it is appropriate to join the trial of the second and sixth counterclaims with the appellant's action against the project owner (see, CPLR 302). Lawrence, J. P., Santucci, Friedmann and Goldstein, JJ., concur.